### D. C. FERGUSON v. J. R. MOREHEAD.

**Possession of Land Under Title Bond — Rescission — Repaying Purchase Money — Interest — Improvements — Rents — Waste — Equity.**

> Where an appellee is in possession of land under a purchase with appellant's bond for title, it was error to require a refunding of the purchase money paid without first rescinding the contract, on equitable principles, and having an account stated between the parties.

**Cross-petition — Warning Order.**

> A warning order against a defendant as to the petition in which he was not a party does not apply to a cross-petition as to which he was not before the court.

APPEAL FROM PENDLETON CIRCUIT COURT.

January 29, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The judgment is for $212, with interest from the 6th day of February, 1860, the day of the contract and payment of the $207

claimed in the petition, so that in any view of the case the judgment is for too much by $5. But the judgment was otherwise erroneous.

As Morehead was in possession of the land under his purchase with appellant's bond for title, the court should not have adjudged the purchase money paid to be refunded without first rescinding the contract on equitable principles and ascertaining the balance due, if anything, on an account taken of the money paid and interest and improvements, if any, on the one side and rents and waste, if any, on the other.

Same disposition should have been made of appellant's cross-petition against Daugherty. The warning order against him is as to the petition in which he was not made a party, and does not apply to the cross-petition, as to which he was not before the court. He seems to have been a necessary party, but as the appellant neither brought him before the court himself nor sought to compel Morehead to do so, as a defendant to the petition, we would not feel authorized to reverse the judgment for the apparent irregularity as to the cross-petition concerning Daugherty.

As the judgment must be reversed, however, for the other reasons indicated, the appellant should be permitted to prepare his case on his cross-petition if he will do so within a reasonable time, and if he will not do so the same should be dismissed without prejudice as to Daugherty.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.